# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18 cv 12

| | |
|---|---|
| KING BIO, INC., | ) |
| | ) |
|     **Plaintiff,** | ) |
| | ) |
|     v. | ) |
| | ) |
| DAVID GERHARDT and GENACOL USA, INC., | ) |
| | ) |
|     **Defendants.** | ) |
| _____ | ) |

## CONSENT PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and based upon the consent of the parties, this Consent Protective Order is hereby adopted and entered by the Court. In the absence of a contrary agreement of the parties or further Order by the Court, all information and documents produced in the course of discovery in the above-captioned action shall be subject to the following:

    1.    *Definitions*.

        a.    "Classified Information" means all "CONFIDENTIAL INFORMATION" and "ATTORNEYS' EYES ONLY INFORMATION."

        b.    "CONFIDENTIAL INFORMATION" means any information determined by the producing party, or a party to this litigation if the document or information is produced by a non-party, acting in good faith, to include non-public proprietary, business, technical, or financial information, commercially or competitively sensitive information, including confidential research or development

information, trade secrets, or medical or personal information which implicates privacy interests.

c. "ATTORNEYS' EYES ONLY INFORMATION" means that Confidential Information determined by the producing party, acting in good faith, to be of such a fundamentally sensitive nature that disclosure to an opposing party would cause economic harm or significant competitive disadvantage to the producing party.

2. King Bio, Inc., David Gerhardt, and/or Genacol USA, Inc., may in their sole discretion designate any documents or other information produced by them during discovery as "CONFIDENTIAL INFORMATION" or "ATTORNEYS' EYES ONLY INFORMATION" if they, in good faith, believe that the designated material falls within the definitions set forth above.

3. Designation of Classified Information must be made by placing or affixing on each page of the document, in a manner that will not interfere with its legibility, the words "CONFIDENTIAL—SUBJECT TO PROTECTIVE ORDER" or "ATTORNEYS' EYES ONLY," in order to clearly signify that the document includes Classified Information.

4. If a party believes that any material produced or disclosed in the course of discovery has been improperly designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, it may, at any time, contest the appropriateness of that designation by notifying the designating party (the "Designating Party") in writing and identifying the particular information or material for which the designation is contested. If

the parties are unable to come to an agreement regarding the contested designation within ten (10) business days of the notice contesting the designation, a party may challenge the designation by filing a motion with the Court. The movant must accompany such a motion with a statement demonstrating that it has made a good faith effort to resolve the challenge through discussion with the Designating Party. In any such challenge, the Designating Party bears the burden of proving that its designation complies with the terms of this Protective Order. The parties agree to abide by any designation until the matter is resolved by agreement of the parties or by Order of the Court.

5. Subject to Paragraphs 8 and 9 of this Order, documents or other information marked as CONFIDENTIAL INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made available, or communicated in any way to anyone other than the following:

a. The parties;

b. The parties' counsel along with their partners, associates, paralegals, and/or support and office staffs;

c. Clerks, copying services, and/or other administrative support retained to make copies of documentary Classified Information;

d. Pursuant to Paragraph 12 (1) any deponent if prior consent is obtained from the Designating Party or its counsel in writing or on the record of the deposition, and only to the extent such access is necessary to question the deponent, and to the extent deemed necessary by the non-

designating counsel for the deponent to understand the deposition questions and context; (2) any deponent who authored or wrote the document or information in issue; or (3) any deponent who is indicated as a recipient of the document or information in issue;

e. The Court and its staff;

f. The jury;

g. Outside experts contracted and/or retained by a party to testify, advise, or otherwise assist in the above-captioned litigation, and the support and office staffs of such experts (collectively, "Experts"). Before disclosure to any Expert, the Expert must be informed of and agree by written statement to be subject to the provisions of this Order requiring that the information, documents, or other material be held in confidence.

h. Court reporters and videographers to the extent necessary for preparing or taking testimony;

i. Such other persons as the Court may specifically approve after notice and hearing; and

j. Such other persons as the parties may agree in writing.

6. Subject to Paragraphs 8 and 9 of this Order, documents or other information marked as ATTORNEYS' EYES ONLY INFORMATION may be used only in connection with the above-captioned litigation and shall not be disclosed, displayed, shown, made available, or communicated in any form to anyone, including the parties to the litigation, except for the persons identified in Paragraphs 5(b) through 5(j) above.

7. Subject to any conflicting agreement of the parties, further orders by the Court, or as may be required by law, Persons to whom Paragraphs 5 and 6 permit disclosure of CONFIDENTIAL INFORMATION

or ATTORNEYS' EYES ONLY INFORMATION shall not use or communicate such information for purposes other than the conduct of this litigation, including pre-trial motions, trial preparation, trial, appeal, and/or settlement of this matter.

8. Nothing in this Protective Order shall restrict a party's use of Classified Information produced by that party.

9. Nothing in this Protective Order shall prevent a party from complying with a subpoena, court order, or other legal obligation to produce information. In the event that a party is served with a subpoena or other request calling for the production of information designated by another party as Classified Information, the served party shall notify the Designating Party as soon as practicable and prior to releasing or producing the Classified Information so that the Designating Party may take all steps that it deems necessary to protect the Classified Information.

10. Nothing in this Protective Order shall prevent or otherwise restrict counsel from rendering advice to their clients and, in the course thereof, relying generally upon counsel's examination of material designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION, provided that in rendering such advice counsel shall not

make specific disclosures of such designated material except as otherwise permitted by this Order.

11.  If a party (the "Filing Party") seeks to file information designated by a Designating Party as Classified Information with the Court, the Filing Party shall, at its option, either consult with the Designating Party regarding whether the document shall be filed under seal with the Court or file the document under seal with an accompanying Motion to Seal the Classified Information pursuant to and in accordance with Local Rule 6.1.  If the Designating Party requests that the Classified Information be filed under seal, the Filing Party shall file the document under seal with an accompanying Motion to Seal the Classified Information pursuant to and in accordance with Local Rule 6.1.

12.  At or within ten (10) business days after receipt of a the transcript of the deposition of any party or witness in this case, if the questioning is such that the party determines that an answer to a question or line of questioning discloses Classified Information or information that could lead to the disclosure of Classified Information, such party may designate that information CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.  Portions of the deposition that are so designated, including all video portions, shall be conducted so that only those persons duly authorized to have access to such Classified Information are

present. Any transcript or video of a deposition in which Classified Information is presented or is the subject on inquiry shall be separately bound or placed on a separate CD or medium, marked with the legend "Confidential—Subject to Protective Order" or a similar legend, and shall not be disclosed to persons other than those persons duly authorized hereunder to have access, unless those questions or answers, or exhibits designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION have been removed from the copies. A transcript or video containing Classified Information that is to be filed with the Court shall be filed under seal with an accompanying Motion to Seal the Classified Information pursuant to and in accordance with Local Rule 6.1.

13. Any interrogatory responses or responses to requests for admission that are designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by any party shall be restricted and protected in the same manner as other Classified Information produced in this case. Any copy made of such document or abstract, summary or memorandum embodying information designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION pursuant to this Protective Order shall also conspicuously bear this legend on its face and every page.

14. CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION subject to this Protective Order shall not be filed with this Court or included in whole or in part in pleadings, motions, briefs, etc. filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal pursuant to and in accordance with Local Rule 6.1 and Paragraph 11 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc. shall be opened by the Court or by personnel authorized to do so by the Court.

15. If any party elects to use Classified Information at trial, that party shall give notice of its intention to the Court and the Designating Party at or before the final pretrial conference in this matter. Any party may move the Court for an order, upon good cause shown, that the foregoing notice requirement shall not apply to a particular document or item of information. The parties understand and agree that good cause may include, without limitation, the need to impeach or rebut surprise testimony or testimony that is outside the scope of a witness's previous statements. Upon a Designating Party receiving notice from another party pursuant to this Paragraph 15 or otherwise learning of another party's intention to use Classified Information at or during trial, the Designating Party may apply to the Court for appropriate protection, including clearing the hearing room or courtroom of

persons not entitled to receive Classified Information pursuant to Paragraphs 5 and 6.

16. Disclosure of Classified Information pursuant to the terms of this Protective Order shall not waive the confidentiality of Classified Information or objections to production. The inadvertent, unintentional, or *in camera* disclosure of Classified Information shall not be deemed a waiver, in whole or in part, of any party's claims of confidentiality. Documents or deposition testimony including Classified Information that are unintentionally produced or disclosed without designation may be retroactively designated as CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION by giving written notice to the opposing party and marking the material as described in Paragraph 3. Any such retroactive designation will not affect the propriety of any prior disclosure of the Classified Information at issue. No proof of error, inadvertence, or excusable neglect shall be required for any such redesignation.

17. Nothing in this Protective Order, and no action taken pursuant to it, shall prejudice the right of any party to contest the relevancy, admissibility, or discoverability of any information sought or produced in the above-caption litigation.

18. Nothing in this Protective Order shall prevent any party from seeking a modification of the Protective Order or otherwise objecting to discovery that it believes to be improper. Nothing in this Protective Order shall abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issues of the status of CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION.

19. In the event anyone violates or threatens to violate any of the terms of this Protective Order, the parties agree that the aggrieved party may, subject to any meet-and-confer requirement in this Protective Order or required by law or court rule, apply to the Court to obtain injunctive relief against any such party violating or threatening to violate any of the terms of this Protective Order. The parties agree that the Court shall retain jurisdiction over them for the purpose of enforcing the Protective Order. The parties shall not use or reveal, directly or indirectly, any information in violation of this Protective Order. The parties waive and release any and all requirements for a bond or undertaking to support any injunctive relief for enforcement of this Protective Order.

20. The ultimate disposition of documents protected under this Order shall be subject to a final order of the Court upon the completion of this litigation. Unless otherwise so ordered, at the conclusion of the

litigation, all Classified Information as defined above, including all copies thereof, shall, at the option of the Designating Party, be returned either to the Designating Party who provided the document or destroyed in accordance with the recordkeeping practices of the non-Designating Party. However, counsel of record shall be entitled to retain a copy of such Classified Information in order to preserve a litigation file in this case. CONFIDENTIAL INFORMATION or ATTORNEYS' EYES ONLY INFORMATION in such litigation file shall be disclosed only in accordance with the terms of this Protective Order. At least one attorney from each outside law firm for each party who received any Classified Information in the course of this litigation shall, upon request, provide a declaration under penalty of perjury stating that all such Classified Information (except outside counsel's litigation file) in their possession, custody, or control have been destroyed or returned to trial counsel for the Designating Party.

21. If Classified Information subject to this Protective Order is disclosed to any unauthorized person either through inadvertence, mistake, without authorization by the Designating Party, or other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall immediately (a) inform the Designating Party of all pertinent facts relating to such disclosure, including, without limitation, the name, address, and telephone number of the recipient and his or her employer; (b) use his or her best efforts to retrieve the disclosed Classified Information and all copies

thereof; (c) advise the recipient of the improperly disclosed Classified Information, in writing, of the terms of the Protective Order; (d) make his or her best efforts to require the recipient to execute an agreement to be bound by the terms of this Protective Order; and (e) take all other reasonable steps to prevent further disclosure by or to the unauthorized person who received the Classified Information.

22. Unless otherwise agreed by the parties or ordered by the Court, the obligations and other responsibilities of the parties and counsel under this Protective Order shall continue in effect after the conclusion of the litigation.

23. This Protective Order may be amended, without leave of Court by the written agreement of counsel for the parties in the form of a stipulation that shall be filed in this case; provided, that any such stipulated amendment does not impose any additional burdens on the Court.

24. The Order is without prejudice to the right of any party to make a modification or amendment to this Order by further order of the Court upon motion and notice.

**IT IS SO ORDERED.**

Signed: June 27, 2018

*/s/ Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge

**CONSENTED TO:**

/s/ Matthew S. Roberson
/s/ Murphy H. Fletcher
Drhumor Building, 48 Patton Avenue
Asheville, North Carolina 28801
Telephone: (828) 254-8800
E-mail: mroberson@mwblawyers.com
Mfletcher@mwblawyers.com
*Attorneys for Plaintiff*

/s/ John C. Hunter
One North Pack Square, Suite 421
Asheville, North Carolina 28801
Telephone: (828) 281-1940
E-mail: johnhunter@jchlawfirm.com
*Attorney for Defendant David Gerhardt*

/s/ Brian P. Baggott
/s/ Jordan L. Glasgow
4520 Main Street, Ste. 1100
Kansas City, Missouri 64111
Telephone: (816) 460-2654
E-mail: brian.baggott@dentons.com;
jordan.glasgow@dentons.com
*Attorneys for Defendant Genacol USA, Inc.*